UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TED DURBIN (#132464)                                      CIVIL ACTION

VERSUS

BURL CAIN, WARDEN, ET AL.                                 NO. 10-0655-JJB-RLB

## NOTICE

     Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

     In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

     ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

     Signed in Baton Rouge, Louisiana, on August 21, 2013.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TED DURBIN (#132464)**                                            **CIVIL ACTION**

**VERSUS**

**BURL CAIN, WARDEN, ET AL.**                                       **NO. 10-0655-JJB-RLB**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion to Dismiss of the remaining defendant in this case, rec.doc.no. 57, and the plaintiff's Motion for Leave to Amend Original Complaint, rec.doc.no. 66.

The pro se plaintiff, an inmate previously incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Deputy Warden Darrel Vannoy, Ass't Warden Leslie Dupont, Deputy Warden Richard Peabody, Deputy Warden Ronnie Jett, Ass't Warden Bruce Dodd, Ass't Warden Tim Delaney, Ass't Warden Kevin Benjamin, Ass't Warden Troy Poret, Ass't Warden Joseph Lamartiniere, Col. Chad Darbonne, Ass't Warden Cathy Fontenot, Chaplain Robert Toney, Chaplain Brad DeLaughter, Msgt. Landry Valant, Msgt. Randy Barrios and Msgt. Turner, complaining that his constitutional rights had been violated through interference with his right to freely exercise his religious beliefs at LSP. Specifically, he complained that the defendants had involuntarily transferred him from the main prison complex to an outcamp at LSP in April, 2010, where he was not allowed the same opportunities to practice his religion or to associate with other members of his religious faith. Pursuant to earlier Magistrate Judge's Reports in this case, approved by the District Judge on June 3, 2011, and March 9, 2012, respectively, see

rec.doc.nos. 32, 34, 49 and 50, the plaintiff's claims asserted against all defendants have been dismissed, with the exception of his claim for monetary damages and injunctive relief against defendant Burl Cain, asserting that this defendant violated the plaintiff's First Amendment right to freely practice his religion, his Fourteenth Amendment right to equal protection, and his statutory rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, et seq., by refusing to allow him to congregate with members of his faith and by refusing to allow him to attend services and gatherings of the Jewish community at the main prison complex (as do members of other religious faiths at LSP).

The defendant seeks dismissal of the plaintiff's action based on an asserted lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Specifically, the defendant alleges that, inasmuch as the plaintiff has been transferred to the David Wade Correctional Center in Homer, Louisiana, and is no longer subjected to the alleged wrongful conduct which occurred at his former place of confinement, his claim for injunctive relief has become moot. The defendant asserts this fact as justification for rejection of the plaintiff's claims on jurisdictional grounds.

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Association of Mississippi, Inc. v. City of Madison, Mississippi, 143 F.3d 1006, 1010 (5th Cir. 1998), quoting Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2nd Cir. 1996). Although "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court," Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996), a Rule 12(b)(1) motion may only be granted "if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." Davis v. United States, 597 F.3d

646, 648 (5th Cir. 2009), cert. denied, 559 U.S. 1008, (2010).  "Attacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) come in two forms: 'facial attacks' and 'factual attacks'."  Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A., 104 F.3d 1256, 1260 (11th Cir. 1997), citing Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990).  See also Williamson v. Tucker, 645 F.2d 404, 412-13 (5th Cir.), cert. denied, 454 U.S. 897 (1981).  "A 'facial attack' on the complaint requires the court merely to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion."  Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir.), cert. denied, 449 U.S. 953 (1980).  A "factual attack" allows the Court to consider a broader range of materials in resolving the motion.  Williams v. Wynne, 533 F.3d 360, 365 (5th Cir. 2008).  When presented with a factual attack, the Court may consider (1) the Complaint alone, (2) the Complaint supplemented by undisputed facts in the record, and (3) the Complaint supplemented by undisputed facts plus the Court's resolution of disputed Facts.  Id.  See also Clark v. Tarrant County, Texas, 798 F.2d 736, 741 (5th Cir. 1986).

   The defendant's Rule 12(b)(1) motion presents a factual attack on the plaintiff's claim for relief and should be granted.  Specifically, the plaintiff concedes that he was transferred in February, 2012, from LSP to the David Wade Correctional Center in Homer, Louisiana.  In addition, as discussed below, the Court concludes that the plaintiff has failed to state a viable claim for monetary damages in this proceeding.

   As pertinent to the remaining issues in this case, the plaintiff alleged in his Complaint that in 2010, he was the leader of the Jewish faith community at LSP and that on April 16, 2010, without warning or reason given, he was transferred from the main prison complex to an outcamp at LSP.  Thereafter, on May 28, 2010, he was called to a meeting conducted by

defendant Burl Cain who stated to all Jewish inmates at LSP (and also simultaneously to members of the Rastafarian and Morman faiths at LSP) that the self-professed leaders of these three faith communities were being transferred to outcamps at LSP, purportedly to better facilitate the practice of their respective faiths, and that if other inmates wished to continue to practice with the transferred inmates, the Warden would consent to any inmate's transfer to the respective outcamps.  The plaintiff further complains that thereafter, beginning in June, 2010, prison officials allegedly began to refuse to allow the plaintiff and other Jewish inmates from the LSP outcamps to attend religious gatherings at the main prison complex, where a room had previously been set aside for the exclusive use of Jewish inmates at LSP.  As a result, whereas Jewish inmates from all over LSP had previously been allowed to meet and congregate in Room 216 at the main prison complex, they were no longer allowed to do so.  The plaintiff asserts that this amounted to a discriminatory practice inasmuch as members of other religious faiths at LSP continued to be allowed to congregate together at the main prison complex.  According to the plaintiff, these actions amounted to a violation of the plaintiff's constitutional and statutory rights through interference with the practice of his religious faith and through the denial of his right to equal protection, and he prayed for injunctive relief and for "compensation for retaliation".

      Initially, the Court agrees with the defendant's assertion in the instant motion that the plaintiff's claims for injunctive relief have been rendered moot by his transfer, in February, 2012, to David Wade Correctional Center.  "The United States Fifth Circuit has clearly and repeatedly held that a transfer renders moot any claims for injunctive relief with respect to an inmate's prior facility."  Spriggens v. LaRavia, 2012 WL 1135845, *2 (E.D. La. April 4, 2012). See, e.g., Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (recognizing that "[t]he transfer of a

prisoner out of an institution often will render his claims for injunctive relief moot" unless he can show a "demonstrated probability" or a "reasonable expectation" that he will be transferred back to the offending institution); Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001) (holding that an inmate's transfer to another facility "rendered his claims for declaratory and injunctive relief moot" and that "any suggestion of relief based on the possibility of transfer back ... [was] too speculative to warrant relief"); Davis v. Wall, 50 F.3d 1033, 1995 WL 136204 (5th Cir. 1995) (holding, relative to an inmate's claim for injunctive relief in connection with his religious rights, that "his transfer to another prison has rendered moot these claims"); Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir. 1988) (holding, relative to inmates who had been transferred to another unit, that "thus, they may not seek injunctive relief").[1]  Accordingly, the Court concludes that the plaintiff's claims for injunctive relief in this case are no longer properly before this Court.[2]

Turning to the plaintiff's remaining claim for monetary damages asserted against the defendant, the Court has previously concluded that this claim, for the most part, is subject to dismissal as well.  See rec.doc.no. 32.  Specifically, with regard to the plaintiff's claim asserted under 42 U.S.C. § 1983, the Court recognized that a prisoner plaintiff is statutorily barred from the receipt of compensatory damages for mental or emotional injury in the absence of some

---

1. In addition, in order to avoid a finding of mootness where a complained-of action has ceased, a plaintiff must be able to show both a reasonable expectation of a recurrence and that the duration of the deprivation will be so short-lived as to be incapable of effective review.  See Haralson v. Campuzano, 356 Fed. Appx. 692, 695-96 (5th Cir. 2009).  In the instant case, even were the plaintiff to be transferred back to LSP and to there be subjected to the same limitations, his claim would be capable of review in this Court upon exhaustion of administrative remedies.

2. Although the plaintiff asserts that defendant Cain is a "regional warden" and so has some theoretical supervisory authority in connection with the plaintiff's transferee institution, the Court is not persuaded that such speculative authority has any impact upon the determination of mootness.

showing of physical injury, see 42 U.S.C. § 1997e(e), and that this was a showing which the plaintiff had not made in this case.  Second, the law is now clear that RLUIPA does not authorize a private cause of action for monetary damages against state prison personnel for actions taken in either their official or their individual capacities.  Sossamon v. Lone Star State of Texas, 560 F.3d 316, 331 (5th Cir. 2009), affirmed, __ U.S. __, 131 S.Ct. 1651 (2011).  The question then becomes whether the plaintiff has a viable claim remaining for nominal or punitive damages, which may be recoverable under § 1983 even where no compensatory damages are allowed.  See Hutchins v. McDaniels, 512 F.3d 193, 197 (5th Cir. 2007) (recognizing that nominal and punitive damages may be recovered by an inmate plaintiff in the absence of physical injury).

     The Court concludes that the plaintiff has not adequately pleaded a claim for nominal or punitive damages in this case.  Specifically, in his Complaint, the plaintiff prayed only for compensatory damages, requesting therein only "compensation for retaliation of filing ARP, in the amount of $20,000.00, and $100.00 each day."  There is no mention whatever in the Complaint of either nominal damages (for the mere violation of his constitutional rights) or for punitive damages (for conduct which might be determined to have been motivated and undertaken with evil intent or in reckless or callous indifference to the plaintiff's constitutional rights).  Moreover, even as to the claim for compensatory damages, the plaintiff prayed only for that relief in the explicit context of his claim of retaliation in response to his filing of prison grievances, not in the context of any alleged violation of his rights to religious freedom.  In Mayfield v. Texas Dept. of Criminal Justice, 529 F.3d 599 (5th Cir. 2008), after the Court rejected an inmate plaintiff's claim for compensatory damages in connection with an alleged violation of his right to religious freedom, the Court then addressed his potential entitlement to nominal or punitive damages.  In rejecting that claim, the Court stated:

> Despite the limitations imposed by § 1997e(e), we have recognized that a prisoner can, absent a showing of physical injury, pursue punitive or nominal damages based upon a violation of his constitutional rights. However, Mayfield has not alleged any physical injury and his complaint seeks only compensatory damages. As such, Mayfield's claims for damages are barred by § 1997e(e).

Id. at 605 (citation omitted). See also Stern v. Hinds County, Miss., 436 Fed. Appx. 381, 382 (5th Cir. 2011) (holding that "[t]he district court did not err in failing to consider nominal damages ... because [the plaintiff] did not seek such relief"); Busick v. Neal, 380 Fed. Appx. 392, 398 (5th Cir. 2010) (holding that "[b]ecause Busick did not request nominal damages, his freedom of religion claims could not survive summary judgment on that basis"); Burns v. Smith, 2010 WL 1790471, *5 (W.D. La. April 5, 2010) (dismissing claim for nominal or punitive damages by a prisoner who exhibited no physical injury because the "complaint, as amended, does not include claims for punitive or nominal damages"); Haskins v. Louisiana Dept. of Public Safety and Corrections, 2010 WL 3257307, *2 (W.D. La. Aug. 16, 2010) (same); Harris v. Risner, 2009 WL 3010822, *6 (W.D. La. Sept. 18, 2009) (same). See also Fox v. Board of Trustees of State University of New York, 42 F.3d 135, 143 (2nd Cir. 1994), cert. denied, 515 U.S. 1169 (1995) (rejecting an argument by students whose claims for injunctive relief had been rendered moot that they were entitled to pursue a claim for nominal damages, finding that "there is absolutely no specific mention in [the Complaint] of nominal damages. Nor can a request for such damages be inferred from the language of [the Complaint]"). Accordingly, based upon this analysis, the Court concludes that the plaintiff's prayer in his Complaint for "compensation for retaliation" was not sufficient to set forth a claim for nominal or punitive damages.[3] As such,

---

  3. As in Burns v. Smith, supra, this Court noted in a prior Magistrate Judge's Report that the plaintiff might potentially establish an entitlement to recover nominal or punitive damages. See rec.doc.no. 32. As in that case, however, a more careful examination of the plaintiff's Complaint has disclosed that the plaintiff did not pray for such relief.

inasmuch as he has failed to allege or show that he has sustained physical injury as a result of the defendant's alleged wrongful conduct, his claim for monetary relief is precluded.

Finally, the Court will address the plaintiff's pending Motion for Leave to Amend Original Complaint, rec.doc.no. 66, pursuant to which he wishes to "clarify" that he intended to assert a claim for nominal and punitive damages in this proceeding. This motion shall be denied.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). If the underlying facts or circumstances relied upon by a plaintiff are a proper subject of relief, he normally should be afforded an opportunity to test his claim on the merits. Foman v. Davis, 371 U.S. 178, 182 (1962). Further, whereas the grant or denial of an opportunity to amend is within the discretion of the Court, this discretion is not broad enough to permit denial if the Court lacks a substantial reason to do so. Jamieson v. Shaw, 772 F. 2d 1205, 1208 (5th Cir. 1985). However, although Rule 15 "evinces a bias in favor of granting leave to amend," it is not automatic. Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993). In deciding whether to grant such leave, the Court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and the futility of amendment. Foman v. Davis, supra, 371 U.S. at 182.

Under the circumstances of this case, the Court concludes that the plaintiff's undue delay in seeking to amend his Complaint in this case militates against allowing such amendment. The discovery period has long been concluded, and the parties have filed both motions to dismiss and cross-motions for summary judgment which have been addressed in depth by the Court. Now, at the 11th hour, the plaintiff seeks to amend the Complaint to keep alive a lawsuit that is otherwise subject to dismissal, in part as moot and otherwise as insufficient to support the award of

compensatory damages for which the plaintiff originally prayed.  In <u>Stern v. v. Hinds County, Miss.</u>, <u>supra</u>, 436 Fed. Appx. at 382, the United States Court of Appeals concluded, in part, that the plaintiff had waived his right to seek amendment of his Complaint to add a claim for punitive damages by waiting to seek that remedy until three years after the filing of his Complaint and after the issuance of a Magistrate Judge's Report which recommended dismissal of his claims.  <u>See also</u> <u>Gardner v. City of Houston</u>, 2013 WL 4042022, *9 (S.D. Tex. Aug. 6, 2013) (denying a motion to amend to add punitive damages where motion was filed after the defendants had filed a motion to dismiss).  In the instant case, similarly, the plaintiff filed his Complaint almost three years ago, and he has long been aware of the factual basis for a potential claim for nominal and punitive damages.  The failure to assert a claim as soon as it may be brought "is properly a factor to be considered in deciding whether to grant a leave to amend."  <u>Matter of Southmark Corp.</u>, 88 F.3d 311, 315 n. 16 (5th Cir. 1996), <u>citing</u> <u>Carson v. Polley</u>, 689 F.2d 562, 584 (5th Cir. 1982).   In addition, the fact that an allowable discovery period has elapsed is a factor which may be considered.  <u>See</u>, <u>e.g.</u>, <u>Dixon v. Henderson</u>, 186 Fed. Appx. 426, 429 (5th Cir. 2006) (upholding denial of leave to amend where amendment was filed 2 ½ years after the institution of suit and after the discovery period had ended); <u>McGee v. Pasadena</u>, 158 F.3d 583 (5th Cir. 1998) (upholding denial of leave to amend "because discovery had been completed five months earlier").  As stated in <u>Daves v. Payless Cashways, Inc.</u>, 661 F.2d 1022 (5th Cir. 1981):

> At some point in the course of litigation, an unjustified delay preceding a motion to amend goes beyond excusable neglect, even when there is no evidence of bad faith or dilatory motive.  Liberality in pleading does not bestow on a litigant the privilege of neglecting [his] case for a long period of time.  While we must give a party a fair chance to present claims and defenses, we also must protect "a busy district court (from being) imposed upon by the presentation of theories seriatim."

<u>Id.</u> at 1025 (citations omitted).  In the Court's view, in light of the undue delay in this case and the potential prejudice to the defendant, the plaintiff's request for leave to amend comes too late

and should be denied.

## RECOMMENDATION

It is recommended that the defendant's Motion to Dismiss, rec.doc.no. 57, be granted, that the plaintiff's Motion for Leave to Amend Original Complaint, rec.doc.no. 66, be denied, and that this action be dismissed, with prejudice.

Signed in Baton Rouge, Louisiana, on August 21, 2013.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**